UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| COURTNEY SZUBINSKI,<br><br>    Plaintiff,<br><br>  vs.<br><br>SJM PREMIER MEDICAL GROUP LLC, SCOTT J. MISCOVICH LLC, SCOTT J. MISCOVICH, M.D.;<br><br>    Defendants. | CIV. NO. 22-00533 LEK-RT |

**ORDER TRANSFERRING VENUE**

On October 16, 2023, Defendants SJM Premier Medical Group LLC ("SJM"), Scott J. Miscovich, M.D. LLC doing business as Premier Medical Group ("PMG" and collectively "Corporate Defendants"), and Scott J. Miscovich, M.D. ("Dr. Miscovich" and collectively "Defendants") filed their motion to dismiss or for judgment on the pleadings ("Motion"). [Dkt. No. 43.] Plaintiff Courtney Szubinski ("Plaintiff") filed her memorandum in opposition on December 21, 2023. [Dkt. No. 48.] Defendants filed their reply on December 29, 2023. [Dkt. No. 49.] This matter came on for hearing on January 12, 2024. For the reasons set forth below, Defendants' Motion is granted as to Defendants' request for transfer to the United States District Court for the District of Arizona, and insofar as Count I against Dr.

Miscovich is dismissed. The Motion is denied without prejudice in all other respects.

## BACKGROUND

This action arises out of Defendants' termination of Plaintiff's employment. Plaintiff alleges Dr. Miscovich owns and operates SJM and PMG and made the final decisions related to employment decisions. [Second Amended Civil Complaint for Equitable and Monetary Relief ("Second Amended Complaint"), filed 10/2/23 (dkt. No. 39), at ¶¶ 10-12.] Plaintiff is domiciled in Arizona, Dr. Miscovich is domiciled in Hawai`I, SJM is a Nevada limited liability company with its principal place of business in Arizona, and PMG is a Hawai`I limited liability company with its principal place of business in Hawai`i. Dr. Miscovich is the managing member of both SJM and PMG. [Id. At ¶¶ 1-4.] Plaintiff alleges she was hired on April 7, 2021 as a part-time Covid-19 vaccinator at various vaccination sites in Arizona, and began working full-time in July 2021 at the Pima County, Arizona facility ("Pima County Facility"). [Id. At ¶¶ 13, 17.] Defendants offered Plaintiff a clinical coordinator role at the Pima County Facility on August 10, 2021. [Id. At ¶ 22.] Plaintiff alleges in April 2022 she was replaced by a less qualified male employee. At this point, Plaintiff alleges her job duties changed to mostly secretarial work, her supervisory duties were eliminated, and she lost her office

2

space and work laptop. [Id. At ¶ 28.] At various times throughout her employment, Plaintiff alleges that she reported health and safety concerns to Defendants, including concerns of Defendants' improper medical training and credentialing. [Id. At ¶¶ 15, 20-21, 23-24, 26-27, 29, 31-33.]

Plaintiff alleges on June 21, 2022, Plaintiff received a memorandum from Dr. Miscovich terminating her employment. The header of the letter stated "Premier Medical Group Hawaii" and "Premier Medical Group USA" and listed an address in Kaneohe, Hawai`i. Id. At ¶ 36, see also Reply, Declaration of Rene Mansanas ("Mansanas Decl."), Exh. D (June 21, 2022 letter from Dr. Miscovich to Plaintiff).[1]

Plaintiff alleges the following claims: retaliation for reporting violations of federal law regarding medical training and credentialing in violation of the False Claims Act, Title 31 United States Code Section 3730(h), against Defendants ("Count I"); discrimination based on sex resulting in her termination in violation of Hawai`I Revised Statutes Section 378-2 against the Corporate Defendants ("Count II"); retaliation in violation of the Hawai`I Whistleblowers'

---

[1] A corrected version of the Mansanas Declaration was filed on January 26, 2024 ("Corrected Mansanas Declaration"). [Dkt. no. 51.] Rene Mansanas ("Mansanas") is PMG's Executive Vice President and Chief Operating Officer ("COO"). [Corrected Mansanas Decl. at ¶ 1.]

Protection Act, Hawai`I Revised Statutes Section 378-62, against Defendants ("Count III"); discrimination based on sex resulting in her termination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), Title 42 United States Code Section 2000e *et. Seq.*, against the Corporate Defendants ("Count IV"). [Second Amended Complaint at ¶¶ 40-65.]

Defendants argue venue in Hawai`I is improper, and therefore this Court should dismiss the case or transfer the case to Arizona. In the alternative, Defendants argue this Court should dismiss the case for failure to state a claim. [Motion, Mem. In Supp. At 1-3.]

## **STANDARD**

Defendants challenge venue pursuant to Federal Rule of Civil Procedure 12(b)(3). [Motion at 3.] It is the plaintiff's burden to establish that venue is proper. See Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). In a Rule 12(b)(3) motion, a court may consider facts outside of the pleadings and need not accept the pleadings as true. Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty, 408 F.3d 1250, 1254 (9th Cir. 2005). If factual issues are contested, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party, or hold a pre-trial evidentiary hearing on the disputed facts. Chey v. Orbitz Worldwide, Inc.,

4

983 F. Supp. 2d 1219, 1227 (D. Hawai`I 2013) (citing Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138-39 (9th Cir. 2004)).

If venue is improper, the district court may dismiss the case without prejudice, or, if it is "in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also In re Hall, Bayoutree Assocs., 939 F.2d 802, 804 (9th Cir. 1991) (stating dismissal for improper venue must be without prejudice).

## DISCUSSION

Preliminarily, Plaintiff concedes Dr. Miscovich should only be named as a Defendant in Count III. [Mem. In Opp. At 13.] Claims against Dr. Miscovich are only brought in Counts I and III. Therefore, Count I against Dr. Miscovich is dismissed without leave to amend.

### II. Whether Venue is Proper in Hawai`i

Venue in Title VII cases is exclusively governed by Title 42 United States Code Section 2000e-5(f)(3). Johnson v. Payless Drug Stores Nw., Inc., 950 F.2d 586, 587-88 (9th Cir. 1991) (per curiam). "In employment discrimination cases, the Title VII venue provisions control rather than the general federal venue statute, even if a non-Title VII claim is included." Mayberry v. Int'l Bus. Machs. Corp., No. CV 09-1369 CW, 2009 WL 1814436, at *3 (N.D. Cal. June 25, 2009) (citing

5

<u>Johnson v. Pay Less Drugstores Northwest, Inc.</u>, 950 F.2d 586, 587–588 (9th Cir. 1991)).

> Section 2000e-5(f)(3) provides that:
>
> an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Generally, Title VII's venue provision allows suit in the judicial district where the plaintiff worked or would have worked. <u>Passantino v. Johnson & Johnson Consumer Prods., Inc.</u>, 212 F.3d 493, 504-505 (9th Cir. 2000). Venue may be appropriate in more than one district. <u>See</u> <u>id.</u> At 506. Under Section 2000e-5(f)(3), "venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." <u>Id.</u>

Defendants argue Plaintiff has not carried her burden of demonstrating that venue is proper in Hawai`I because none of the bases for venue stated in Section 2000e-5(f)(3) apply: no unlawful employment practice was committed in Hawai`I; Plaintiff did not work in Hawai`I; employment records were not maintained or administered in Hawai`I; and SJM's principal offices are in

6

Arizona. [Motion, Mem. In Supp. At 8-11.] Plaintiff contends the decision to terminate Plaintiff was made in Hawai`I, and it is reasonable to assume that employment records are administered and maintained in Hawai`I until discovery proves otherwise. [Mem. In Opp. At 10-12.] The Court addresses both of Plaintiff's arguments in turn.

### A. Decision to Terminate

Plaintiff argues the letter terminating her employment was sent from Hawai`I from Dr. Miscovich, a Hawai`I resident, indicating the decision to terminate Plaintiff's employment was made in Hawai`i. [Mem. In Opp. At 10-11.] However, Defendants offer evidence indicating the decision to terminate Plaintiff was not made in Hawai`i. Rather, the decision to terminate Plaintiff was part of nationwide downsizing effort that resulted in the termination of almost 200 employees. [Corrected Mansanas Decl. at ¶¶ 3-4.] Mansanas, PMG's Executive Vice President and COO, states she toured the Pima County Facility around May 9, 2022 to May14, 2022 to evaluate the operations and staffing at these facilities. [Id. At ¶¶ 1, 5.] Mansanas states the selection of which employees to terminate was based on a review of salaries, job duties, and site functions. Termination notifications sent to employees in Arizona, Georgia, New Mexico and Hawai`I were all sent from PMG's Hawai`I offices. See id. At ¶¶ 7-8. In light of this evidence, the fact Plaintiff's

termination letter was sent by Dr. Miscovich from Hawai`I does not indicate Plaintiff's termination decision occurred in Hawai`I and is insufficient to establish that venue is proper in this district.

Plaintiff has not carried her burden under the first prong of Title VII's venue provision of establishing that the unlawful employment practice is alleged to have been committed in Hawai`i. See 42 U.S.C § 2000e-5(f)(3).

## II. Where Employment Records Are Maintained

Likewise, Plaintiff fails to establish employment records are "maintained and administered" in Hawai`i. See id. Defendants present evidence that the relevant electronic employment records are on a server in California. See Corrected Mansanas Decl. at ¶ 9. When employment records are stored electronically, the location of the server storing the records is the place where they are considered to be maintained and administered for the purpose of Title VII venue. See, e.g., Enoh v. Hewlett Packard Enter. Co., Case No. 17-cv-04212-BLF, 2018 WL 3377547, at *9 (N.D. Cal. July 11, 2018) (citing cases). Therefore, because the relevant employment records are not maintained and administered in Hawai`I, venue in this district is improper on that basis.

## II. Dismiss or Transfer

For the foregoing reasons, venue is not proper in Hawai`i. Therefore, the Court may dismiss the case or transfer the case to any district in which it properly could have been brought. The interest of justice generally requires transferring an action brought in an improper venue instead of dismissing it. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962).

Venue is proper in the United States District Court for the District of Arizona, the district in which Plaintiff is domiciled and worked prior to her termination. See Second Amended Complaint at ¶¶ 1, 13, 17; 42 U.S.C. § 2000e-5(f)(3) ("an action may be brought . . . in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice"). Plaintiff does not dispute that venue would be proper in Arizona, nor the fact that Plaintiff worked in Arizona, and but for her termination, would have continued to work in Arizona. Therefore, the Court finds that transfer to the United States District Court for the District of Arizona is proper.

Because the Court concludes that transfer is warranted, it does not reach the remaining issues. The remaining portions of the Motion are denied without prejudice to raising those issues in the transferee district.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Second Amended Civil Complaint for Equitable and Monetary Relief, Filed October 2, 2023 [ECF 39] or for Judgment on the Pleadings, filed October 16, 2023, is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as the case is TRANSFERRED to the United States District Court for the District of Arizona and Count I against Dr. Miscovich is DISMISSED without leave to amend. The Motion is DENIED WITHOUT PREJUDICE in all other respects. The Clerk's Office is DIRECTED to transfer the case to the United States District Court for the District of Arizona. The Clerk's Office shall effectuate the transfer and close the case file in this district court on **March 6, 2024** unless a timely motion for reconsideration of this Order is filed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 20, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**COURTNEY SZUBINSKI VS. SJM PREMIER MEDICAL GROUP LLC, ET AL; CV 22-00533 LEK-RT; ORDER TRANSFERRING VENUE**