UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| COURTNEY SZUBINSKI,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SJM PREMIER MEDICAL GROUP LLC, SCOTT J. MISCOVICH LLC, SCOTT J. MISCOVICH, M.D.;<br><br>　　　　Defendants. | CIV. NO. 22-00533 LEK-RT |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR RECONSIDERATION**

On February 20, 2024, this Court issued an order transferring venue to the United States District Court for the District of Arizona ("2/20 Order"). [Dkt. no. 52.[1]] Before the Court is Plaintiff Courtney Szubinski's ("Plaintiff") motion for reconsideration of the 2/20 Order, filed March 5, 2024 ("Motion for Reconsideration"). [Dkt. no. 55.] Defendants SJM Premier Medical Group LLC ("SJM"), Scott J. Miscovich, M.D. LLC doing business as Premier Medical Group ("PMG" and collectively "Corporate Defendants"), and Scott J. Miscovich, M.D. ("Dr. Miscovich" and collectively "Defendants") filed their memorandum in opposition on March 22, 2024. [Dkt. no. 57.] Plaintiff filed a reply on April 3, 2024. [Dkt. no. 58.] The Court has

---

[1] The 2/20 Order is also available at 2024 WL 691375.

considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, Plaintiff's Motion for Reconsideration is granted in part and denied in part. The Motion for Reconsideration is granted insofar as the case is not transferred to the United States District Court for the District of Arizona, and Plaintiff will be allowed to conduct discovery relating to venue. The Motion for Reconsideration is denied in all other respects.

## DISCUSSION

The factual and procedural background of this case is set forth in the 2/20 Order, and it need not be repeated here.

I.  **Standard**

The 2/20 Order was an interlocutory order. See Boswell v. Foss, Case No. CV 20-3469 JAK(PVC), 2020 WL 8619785, at *1 n.1 (C.D. Cal. Apr. 17, 2020) ("Because a transfer of venue does not address the merits of the parties' claims, but simply changes the forum of an action, courts routinely find that it is a non-dispositive matters . . . ." (collecting cases)). The Motion for Reconsideration therefore must be brought on one of the following grounds: "(a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) Manifest error of law or fact." Local Rule LR60.1. A motion

2

for reconsideration must "demonstrate reasons why the court should reconsider its prior decision," and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fisher v. Kealoha, 49 F. Supp. 3d 727, 734 (D. Hawai`i 2014) (citation and quotation marks omitted).[2] Mere disagreement with a previous order is an insufficient basis for reconsideration. Id. at 735. A court has "considerable discretion" in deciding a motion for reconsideration. Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation and quotation marks omitted).

## II.  Venue in the District of Hawai`i or the District of Arizona

Venue in Title VII cases is exclusively governed by Title 42 United States Code Section 2000e-5(f)(3). Johnson v. Payless Drug Stores Nw., Inc., 950 F.2d 586, 587-88 (9th Cir. 1991) (per curiam). Under Section 2000e-5(f)(3), "venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 506 (9th Cir. 2000). At issue in the 2/20 Order was where the employment decision at issue, specifically the decision to terminate Plaintiff, was made. Plaintiff argued the decision to terminate her was made in

---

[2] The Ninth Circuit affirmed. 855 F.3d 1067 (9th Cir. 2017).

3

Hawai`i, while Defendants contended the decision was made in Arizona. See 2/20 Order, 2024 WL 691375, at *3.

Plaintiff argues new evidence from a recent production of discovery warrants reconsideration of the 2/20 Order. [Motion for Reconsideration, Mem. in Supp. at 6-9.] Plaintiff contends the new evidence demonstrates that Rene Mansanas ("Mansanas") made the recommendation to terminate Plaintiff, Defendants' Arizona Director, Krista Romero-Cardenas ("Romero-Cardenas") approved the recommendation, and Miscovich confirmed the decision to terminate. [Id. at 6 (citing Exh. 2 (Defendants' Response to Plaintiff's Second Set of Interrogatories to Defendants, Dated January 24, 2024) ("Interrogatory Response") at Interrogatory No. 1).] Plaintiff argues this new evidence demonstrates Miscovich was the final decisionmaker, and thus that the decision to terminate Plaintiff occurred in Hawai`i. [Id. at 6-8.]

The new evidence consists of Defendants' admission that Mansanas did not make the final decision to terminate Plaintiff, and Defendants' denial that Miscovich did make the final decision to terminate Plaintiff in Hawai`i. [Id., Exh. 1 (Defendants' Response to Plaintiff's First Requests for Admissions to Defendants, Dated January 24, 2024) at Request for Admission Nos. 2, 3.] Further, Defendants stated in their answers to interrogatories that:

4

> The decision to terminate Plaintiff was made after there was a slowdown and decrease of business in Arizona. The decision was made after ascertaining the costs of doing business in Arizona. Diana Gould knew of Defendants' need to manage the size of their staff. Rene Mansanas (fka Rene Pagaoa) and Shanelle Starrett created a list of the Arizona location's salaries and a chart of the leadership team. See Defendants' Response to Plaintiffs Second Request for Production of Documents. The decision on employees to terminate was based on, *inter alia*, the list of salaries, leadership team chart, site functions, and Rene Mansanas' evaluations of operations in Arizona. Krista Romero-Cardenas, Defendants' former Arizona State Director, approved the recommendations to terminate the Arizona staff and that Plaintiffs termination would not impair Defendants' Arizona location's daily operations. After review of all the information, Scott J. Miscovich, MD confirmed the decision to terminate the staff identified at the Arizona location, which included Plaintiff.

[Interrogatory Response at Interrogatory No. 1.] The new evidence also includes the purpose of Mansanas's travel to Arizona, and her travel log during the relevant period. [Id. at Interrogatory No. 2.] Finally, the newly discovered evidence includes emails between Miscovich, Mansanas, and Shanelle Starrett, in which Miscovich asks for input on reorganizing and downsizing, and notes the combined salary amount of the management team should be decreased. [Motion for Reconsideration, Exh. 3 (email string dated 6/21/22 and email string dated 6/15/22) at SJM000004-05.] In their memorandum in opposition, Defendants put forth a declaration by Mansanas, in which Mansanas states that Romero-Cardenas was based on Arizona,

5

and approved the termination of Plaintiff while in Arizona. [Mem. in Opp., Declaration of Rene Mansanas at ¶¶ 3-4.] Finally, in her reply, Plaintiff presents text messages sent by Romero-Cardenas to Plaintiff on June 21, 2022, which indicate Romero-Cardenas was "still learning" about the decision to terminate Plaintiff and others. [Reply, Declaration of Courtney Szubinski, Exh. 4 (text message thread titled PMG Site Lead Group Chat in which Tiffany Branson stated Plaintiff and others were "let go from PMG today"); id., Exh. 5 (text message from Romero-Cardenas, dated 6/21/22, stating "I'm still learning about this massive change").]

While this evidence does not conclusively establish that Miscovich made the decision to terminate Plaintiff in Hawai`i, it indicates that the termination decision may possibly have been made in Hawai`i by Miscovich. In deciding a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(3), if factual issues are contested, the court must "draw all reasonable inferences and resolve the factual conflicts in favor of the non-moving party or hold a pre-trial evidentiary hearing on the disputed facts." Chey v. Orbitz Worldwide, Inc., 983 F. Supp. 2d 1219, 1227 (D. Hawai`i 2013) (citing Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138-39 (9th Cir. 2004)). In light of the newly discovered evidence, the Court finds that reconsideration of the portion of the 2/20 Order transferring

6

venue is warranted. However, even considering the newly discovered evidence, the Court cannot determine if venue is proper in Hawai`i. As such, the Court will allow Plaintiff to engage in reasonable discovery pertaining to venue. The Court DIRECTS Defendants to file a motion for transfer of venue after the record is more fully developed regarding where the employment decision(s) at issue occurred.

Given this Court's ruling on the Motion for Reconsideration, the Joint Motion to Stay Deadlines Pending Ruling on Motion for Reconsideration, filed April 16, 2024, [dkt. no. 60,] is denied as moot. However, the parties are directed to contact the magistrate judge to schedule a status conference to discuss the limited discovery process permitted by this Order. The magistrate judge shall also set a deadline for the filing of Defendants' motion for transfer of venue.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration, filed March 5, 2024, is GRANTED IN PART AND DENIED IN PART. The Motion for Reconsideration is GRANTED insofar as the case is not transferred to the United States District Court for the District of Arizona, and Plaintiff will be allowed to conduct discovery relating to venue. The Motion for Reconsideration is DENIED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 2, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**COURTNEY SZUBINSKI VS. SJM PREMIER MEDICAL GROUP, LLC, ET AL; CV 22-00533 LEK-RT; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION**